IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL EDWARD JOHNSON, #335470　　*
　　　　Plaintiff
　　　　　v.　　　　　　　　　　　　　*　　CIVIL ACTION NO. JFM-10-960

STEVEN BRAY, et al　　　　　　　　　*
　　　　Defendant
　　　　　　　　　　　　　　　　　　***

## MEMORANDUM

Defendant Steven Bray (the "medical defendant") has filed a motion to dismiss or for summary judgment, which is unopposed.[1] ECF No. 15. Also pending is a dispositive motion filed on behalf of the remaining defendants (ECF No. 21), and plaintiff's notice of voluntary dismissal with prejudice as to those defendant.[2] ECF No. 23. Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010).

## Background

Plaintiff alleges that Nurse Bray denied him medical care, falsified medical records, threatened his life, and subjected him to physical and mental torture. ECF No. 1.

The uncontroverted medical records reveal that plaintiff was transferred to NBCI on February 1, 2010. Between February and March 2010, the period at issue in plaintiff's complaint, Nurse Bray evaluated plaintiff twice. On February 3, 2010, Bray was called to plaintiff's cell by correctional employees because plaintiff was on his bunk, not speaking and not looking at officers. Bray evaluated plaintiff's vital signs and found them all within normal

---

[1] Plaintiff was given the requisite notice and an opportunity to oppose the dispositive motion, in compliance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and has failed to do so.

[2] The notice of voluntary dismissal shall be granted pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

limits. Bray noted in the medical records that plaintiff was grinding his teeth and attempted to pull his arm away when Bray was checking his blood pressure. Bray attempted to check plaintiff's pupils but plaintiff squeezed his eyelids shut. A person experiencing a seizure or recovering from a seizure normally does not exhibit such purposeful movements and as such, Bray did not feel any further action was needed. *Id*., Ex. A.

On March 25, 2010, Bray was again called to plaintiff's cell by correctional staff to evaluate plaintiff for possible seizure activity. Bray noted that plaintiff was on his bunk with his eyes open but not responding to loud voices. As Bray began to take plaintiff's blood pressure plaintiff sat up and began responding to verbal commands. Bray observed no injuries and plaintiff did not report any pain. Bray determined that no further treatment was required at that time. *Id.*

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*.,

2

346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

**Medical Care**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). To state an Eighth Amendment claim for denial of medical care, plaintiff must demonstrate that the actions of defendants (or their failure to act) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The second component of proof requires "subjective recklessness" in the face of the

serious medical condition. *Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), quoting *Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris* 240 F. 3d 383 (4th Cir. 2001), citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken). Further, "[d]isagreements between an inmate and a physician over the inmate's proper care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

Plaintiff has failed to demonstrate that he has been denied medical care. Medical records indicate that plaintiff simply disagrees with the medical care provided to him. Bray evaluated plaintiff in his cell each time he was called to do so by correctional staff. Bray did not deny plaintiff any treatment for seizure activity. Moreover, as a nurse, it was not within Bray's scope of practice to order treatment relative to any of plaintiff's medical complaints, nor did Bray evaluate plaintiff regarding other medical complaints as at the time Bray evaluated plaintiff he only exhibited signs of possible seizure activity. ECF No. 15, Ex. A. Bray avers that he has never refused to facilitate or carry out the treatment order for plaintiff, nor has he falsified any

medical record, threatened plaintiff's life or denied plaintiff supplies ordered by a doctor, physician assistant, or nurse practitioner. *Id*. Plaintiff's allegations against Bray are unsupported by the record before the court and Bray is entitled to summary judgment.

## **Conclusion**

For the reasons stated above, defendant Bray's motion for summary judgment shall be granted. Plaintiff's notice of voluntary dismissal shall be granted as to the state defendants. A separate order follows.

__February 22, 2011_____  ___/s/_____
Date                         J. Frederick Motz
                             United States District Judge